UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Britware Consulting, Inc., | Case No. 20-cv-1006 (WMW/BRT) |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| Con-Tech Manufacturing, Inc., | |
| Defendant. | |

---

This matter is before the Court on Defendant Con-Tech Manufacturing, Inc.'s (Con-Tech) motion to dismiss Plaintiff Britware Consulting, Inc.'s (Britware) complaint for failure to state a claim on which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Dkt. 14.)  For the reasons addressed below, the Court grants Con-Tech's motion and dismisses Britware's complaint without prejudice.

## BACKGROUND

Britware is a Wisconsin software-development company that developed the proprietary weight-distribution software and source code described in United States Copyright # TX 8-854-123 (Software).  Con-Tech is a manufacturer of concrete mixer trucks, and its principal place of business is in Dodge Center, Minnesota.

The following facts are recounted in the light most favorable to Britware, the non-moving party.  In or about July 2008, Britware agreed to install the Software on a Con-Tech computer, providing a first license for free in exchange for Con-Tech's promise to pay for future upgrades and additional licenses.  Britware upgraded Con-Tech's copy of

the Software in 2016 and installed the Software on a second Con-Tech computer. At that time, Con-Tech paid Britware for the time Britware expended but not for a software license. In March 2018, one of Con-Tech's other business lines sought to have the Software installed on additional computers, but Britware refused to do so without a licensing agreement. When the parties failed to reach an agreement, Britware demanded that Con-Tech either pay for the licenses it was using or permit Britware to remove the Software from Con-Tech's computers. Con-Tech refused either to pay or to allow Britware to remove the Software from Con-Tech's computers.

Britware commenced this action on April 24, 2020, alleging copyright infringement and unjust enrichment. Britware seeks to enjoin Con-Tech's infringement of the Software and damages. Con-Tech moves to dismiss Britware's complaint for failure to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6).

## ANALYSIS

To survive a motion to dismiss for failure to state a claim on which relief can be granted, a complaint must allege sufficient facts that, when accepted as true, state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When determining whether to grant the motion, a district court accepts as true all of the factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010). The factual allegations must be sufficient to "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570

(2007); s*ee also McDonough v. Anoka County*, 799 F.3d 931, 945 (8th Cir. 2015) ("There is no requirement for direct evidence; the factual allegations may be circumstantial and need only be enough to nudge the claim across the line from conceivable to plausible." (internal quotation marks omitted)). Although a plaintiff may rely on a reasonable expectation that discovery will produce evidence of the alleged activity, a plaintiff must do more than offer "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Legal conclusions that are couched as factual allegations are insufficient. See *Iqbal*, 556 U.S. at 678.

Britware advances two claims for relief (1) a copyright-infringement claim pursuant to 17 U.S.C. §§ 106 *et seq.* and (2) a state-law claim for unjust enrichment. An analysis of each claim follows.

### I. Copyright Infringement

Con-Tech argues that Britware's copyright-infringement claim must be dismissed because Britware authorized Con-Tech's use of the Software. "The elements of copyright infringement are (1) ownership of a valid copyright and (2) copying of original elements of the copyrighted work." *Warner Bros. Entm't, Inc. v. X One X Prods.*, 644 F.3d 584, 595 (8th Cir. 2011). The Copyright Act grants copyright owners the exclusive right, among others, "to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership." 17 U.S.C. § 106(3).

A copyright owner's exclusive rights are limited by the first-sale doctrine. 17 U.S.C. § 109(a). The first-sale doctrine limits a copyright holder's rights after a "sale"

(transfer of ownership) of a protected work. *See Action Tapes, Inc. v. Mattson*, 462 F.3d 1010, 1012 (8th Cir. 2006); *see also UMG Recordings, Inc. v. Augusto*, 628 F.3d 1175, 1179 (9th Cir. 2011). The first-sale doctrine provides that "the owner of a particular copy . . . lawfully made under this title, or any person authorized by such owner, is entitled, *without the authority of the copyright owner*, to sell or otherwise dispose of the possession of that copy." 17 U.S.C. § 109(a) (emphasis added). Despite its distinctive name, the doctrine applies not only when a copy is first sold, but also when a copy is given away. *UMG Recordings*, 628 F.3d at 1179. Once the copyright owner places a copyrighted item in the stream of commerce, he or she has exhausted his or her exclusive statutory right to control its distribution. *See Quality King Distribs., Inc. v. L'anza Rsch. Int'l, Inc.*, 523 U.S. 135, 152 (1998).

With respect to a computer program, the first-sale doctrine does not permit an owner of a particular copy to rent, lease, or lend that copy for commercial gain. 17 U.S.C. § 109(b)(1)(A). Copyright law permits the owner of a legal copy of a copyrighted work to use the copy in any way the owner desires as long as the owner does not infringe on the copyright owner's exclusive rights. *See* 17 U.S.C. § 106.

Britware alleges that it has a valid, registered copyright in the Software and that Con-Tech infringed Britware's copyright in the Software by violating one of Britware's exclusive rights, as enumerated in the Copyright Act. *See id.* (listing six categories of exclusive rights in copyrighted works). Although Britware does not precisely cite which of the statutorily enumerated exclusive rights Con-Tech allegedly has infringed, Britware

alleges that Con-Tech "has infringed [Britware's] exclusive rights in the [Software] by copying and using the [Software] without paying an appropriate license fee." Notwithstanding Britware's vague allegation of "copying," the facts alleged in the complaint are limited to Con-Tech's retention of the two copies of the Software that Britware installed on Con-Tech's computers. Britware does not allege that Con-Tech made additional copies of the Software. As such, there is no plausible allegation of copying or reproduction in violation of Section 106(1) of the Copyright Act. 17 U.S.C. § 106(1).

Britware also alleges that Con-Tech has infringed Britware's copyright by the unauthorized retention and use of the Software. According to the complaint, Britware provided Con-Tech with "the first license for free" in exchange for Con-Tech's promise to buy upgrades and licenses in the future. And Britware subsequently provided Con-Tech with a second copy of the Software without charging Con-Tech for the Software.

The facts alleged in this case are similar to those in *UMG Recordings*. 628 F.3d at 1180–81. In *UMG Recordings*, the plaintiff gave away free promotional copies of compact discs, commonly known as CDs, with an attached disclaimer that the CDs were for promotional use only, not for sale. *Id.* at 1177–78. The more detailed disclaimer provided:

> This CD is the property of the record company and is licensed to the intended recipient for personal use only. Acceptance of this CD shall constitute an agreement to comply with the terms of the license. Resale or transfer of possession is not allowed and may be punishable under federal and state laws.

*Id.* Despite the disclaimer, the defendant acquired a number of these promotional CDs and sold them online. *Id.* at 1178. The plaintiff sued the defendant for copyright infringement,

and the defendant invoked the first-sale doctrine as a defense. *Id.* at 1179. The court held that the promotional delivery of CDs did not create a license between the parties, and the recipients of the promotional CDs "were entitled to use or dispose of them in any manner they saw fit." *Id.* at 1180. The court's decision that the recipients of the promotional CDs were not bound by a license, but rather acquired ownership, was based on the nature of the transaction. *Id.* (observing that "the mere labeling of an arrangement as a license rather than a sale, although it [is] a factor to be considered, [is] not by itself dispositive of the issue").

The same question is presented here. Did Britware create a license by giving copies of the Software to Con-Tech, or did Britware transfer ownership of the copies to Con-Tech? To resolve this question, the Court must look at the nature of the transactions as alleged.

While the complaint alleges that Britware gave Con-Tech a license to use the Software, none of the facts in the complaint support this conclusion. Britware gave Con-Tech the first copy of the Software in 2008, and it was not until March 2018 that Britware demanded that Con-Tech pay for a license. Between 2008 and 2018, Con-Tech occasionally sought support for and discussed additional customizations to the Software. Thus, Britware knew that Con-Tech was using the Software continuously. Another allegation that supports a transfer of ownership is that in 2016 Britware upgraded the Software, according to Con-Tech's desires, and installed another copy of the Software on a newer Con-Tech computer. Con-Tech paid Britware for the time Britware expended to

provide this upgrade, and Britware allowed Con-Tech to continue using the Software without paying for a license.

In addition, there is no alleged agreement for a return of the Software to Britware, nor did Britware program a trial period into the Software, in which Con-Tech's ability to use the Software would terminate absent payment. *See Vernor v. Autodesk, Inc.*, 621 F.3d 1102, 1111–12 (9th Cir. 2010) (holding that the absence of use restrictions on a computer program demonstrates that a user is an owner of a copy of the program rather than a licensee). Although the failure to program use restrictions into the Software does not, by itself, establish a transfer of ownership, it is another indication that Britware's actions demonstrate a transfer of ownership, rather than a license.

That Britware allowed Con-Tech to use the Software, knowingly, for almost ten years before asking Con-Tech to enter a paid license agreement, combined with Britware willingly upgrading and installing the Software on Con-Tech's computer in 2016, leads to only one plausible legal conclusion: that Britware transferred ownership of those copies of the Software to Con-Tech. *See Twombly*, 550 U.S. at 555 (holding that factual allegations must be enough to raise a right to relief above the speculative level that is plausible on its face).

Britware labeling the transaction as a license does not make it one when the conduct of the parties demonstrates a transfer of ownership. *UMG Recordings*, 628 F.3d at 1180. Even when all reasonable inferences are construed in favor of Britware, the complaint establishes that Britware transferred ownership of the copies of the Software to Con-Tech.

Because Britware transferred ownership of the copies of the Software to Con-Tech, Con-Tech is authorized to use those copies provided that Con-Tech does not infringe Britware's exclusive rights under the Copyright Act. *See* 17 U.S.C. § 106.

For these reasons, the facts alleged in Britware's complaint do not support a plausible claim that Con-Tech has violated any of Britware's exclusive rights to the Software. Accordingly, Britware's copyright-infringement claim is dismissed without prejudice.

## II.     Unjust Enrichment

The parties also dispute whether Britware's unjust-enrichment claim must be dismissed because it is preempted by the Copyright Act.

The Copyright Act provides the exclusive source of protection for all legal rights and equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright. *Nat'l Car Rental Sys., Inc. v. Comput. Assocs. Int'l., Inc.*, 991 F.2d 426, 428 (8th Cir. 1993). The Copyright Act preempts a state-law claim when (1) the work at issue is within the subject matter of copyright and (2) the state-law right is equivalent to any of the exclusive rights within Section 106 of the Copyright Act. *Id*. If the state-created cause of action requires an additional element instead of or in addition to the acts of reproduction, performance, distribution or display, then the right does not lie within the general scope of copyright and there is no preemption. *See id*. at 431.

To state a claim for unjust enrichment under Minnesota law, a plaintiff "must show that the defendant has knowingly received or obtained something of value for which the

8

defendant in equity and good conscience should pay." *Caldas v. Affordable Granite & Stone, Inc.*, 820 N.W.2d 826, 838 (Minn. 2012) (internal quotation marks omitted), *superseded by statute on other grounds as recognized in Hall v. City of Plainview*, 954 N.W.2d 254, 270–71 (Minn. 2021). To prevail, the plaintiff must demonstrate that the defendant received a benefit from the efforts or obligations of the plaintiff and that the defendant "was unjustly enriched in the sense that the term unjustly could mean illegally or unlawfully." *Id*. (internal quotation marks omitted).

Britware's unjust-enrichment claim is based entirely on the contention that Con-Tech "knowingly received the benefits of Plaintiff's Software without providing just compensation" for use of the Software. It would be unjust for Con-Tech to continue using the Software without compensation, Britware alleges. Con-Tech counters that Britware's unjust enrichment claim is preempted because Con-Tech is an authorized user of the copies of the Software that Britware installed on Con-Tech's computers.

This Court joins the majority of courts that have addressed the issue and concludes that state-law unjust-enrichment claims are preempted by the Copyright Act. *See Issaenko v. Univ. of Minn.*, 57 F. Supp. 3d 985, 1025–26 (D. Minn. 2014) (collecting cases). An unjust-enrichment claim that is based on a violation of rights protected by the Copyright Act rests within the Copyright Act's field of preemption. *Id.* at 1026. Although actual enrichment is an element of an unjust-enrichment claim that is not required for a copyright-infringement claim, that distinction cannot avoid preemption. *Id.* "While a claim for unjust enrichment may require proof that a benefit was conferred on the defendant, where the

unjust enrichment arises from defendants' unauthorized use of a copyrighted work, such an extra element does not qualitatively change the rights at issue, the rights the plaintiff holds in the copyrighted work, and does not avoid preemption." *Id.* (quoting *Zito v. Steeplechase Films, Inc.,* 267 F. Supp. 2d 1022, 1027 (N.D. Cal. 2003)).

Britware's reliance on *Mahavisno v. Compendia Bioscience, Inc.*, is unpersuasive. *See* No. 13-12207, 2014 WL 340369, at *1 (E.D. Mich. Jan. 30, 2014). At issue in *Mahavisno* was whether the Copyright Act preempts an unjust-enrichment claim. The district court concluded that the plaintiff's unjust-enrichment claim "is fairly characterized as an implied-in-fact contract claim" that "requires [the plaintiff] to prove an extra element beyond what the copyright infringement claims require [the plaintiff] to establish." *Id.* at *7. The presence of an "extra element" was sufficient to conclude that the plaintiff's claim was not preempted by the Copyright Act. *Id*. The facts of *Mahavisno* are readily distinguishable from those at issue here. The plaintiff's complaint in *Mahavisno* plausibly alleged an implied-in-fact contract. *Id*. Here, Britware's complaint does not include a breach-of-contract claim.

Britware's unjust-enrichment claim rests solely on an alleged violation of its rights protected by the Copyright Act. For this reason, the unjust-enrichment claim is preempted. *See Issaenko*, 57 F. Supp. 3d at 1026 (concluding that when "unjust enrichment claims are based upon the violation of rights protected by the Copyright Act, they 'sound [ ] squarely in copyright infringement' and are therefore preempted" (quoting *Ott v. Target Corp.*, 153

F. Supp. 2d 1055, 1067 (D. Minn. 2001))). Accordingly, Britware's unjust-enrichment claim is dismissed without prejudice.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant Con-Tech Manufacturing, Inc.'s motion to dismiss, (Dkt. 14), is **GRANTED**.

2. Plaintiff Britware Consulting, Inc.'s complaint, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  March 25, 2021                                  s/Wilhelmina M. Wright
                                                        Wilhelmina M. Wright
                                                        United States District Judge