UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Britware Consulting, Inc.,            Case No. 20-cv-1006 (WMW/BRT)

          Plaintiff,

     v.                              **ORDER GRANTING EXTENSION TO FILE A NOTICE OF APPEAL**

Con-Tech Manufacturing, Inc.,

          Defendant.

---

This matter is before the Court on Steve Allen's *pro se* letter request, on behalf of Plaintiff Britware Consulting, Inc., for an extension of the deadline to file a notice of appeal.[1] (Dkt. 40.) On March 26, 2021, this Court granted Defendant Con-Tech Manufacturing, Inc.'s motion to dismiss and dismissed Britware's complaint without prejudice. According to Allen's letter, Britware's counsel recently passed away while she was in the process of filing an appeal of the judgment dismissing this case.

Although Allen does not cite a rule in support of his request, the Court construes his *pro se* filing liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court is mindful that a corporation cannot be represented *pro se* in a federal court. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) (holding that a corporation cannot appear in federal court except through a licensed attorney). However, in this case, the death of Britware's counsel during the limited time in which

---

[1] The record is unclear as to Allen's precise relationship to Britware, but he purports to be acting on Britware's behalf.

Britware may file an appeal is an exceptional circumstance that supports consideration of Allen's *pro se* request to provide Britware additional time to find a licensed attorney to represent Britware.

In a civil case, a notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment." Fed. R. App. P. 4(a)(1)(A). As such, Britware's deadline to file a notice of appeal of this Court's March 26, 2021 entry of judgment was April 25, 2021. A district court may extend the time to file a notice of appeal if a moving party shows "excusable neglect or good cause."[2] Fed. R. App. P. 4(a)(5)(A)(ii). The extension may not exceed "30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C).

Allen represents that Britware's counsel died while in the process of filing an appeal, and that Allen is "in the process of locating an attorney to represent Britware." Consequently, Britware seeks the full 30-day extension permitted under Rule 4(a)(5) of the Federal Rules of Appellate Procedure. The Court concludes that Britware has demonstrated good cause for a 30-day extension of the time to file a notice of appeal in this case.

---

[2] A request for an extension of time to appeal must be filed before the 30-day period for filing an appeal has expired. Fed. R. App. P. 4(a)(5)(A)(i). Here, Allen's letter request is dated April 24, 2021, which is within Britware's 30-day appeal period.

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Britware Consulting, Inc., may file a notice of appeal no later than May 25, 2021.

Dated:  May 5, 2021                               s/Wilhelmina M. Wright
                                                                          Wilhelmina M. Wright
                                                                          United States District Judge